IN THE SUPREME COURT OF THE STATE OF DELAWARE

MARCUS D. DENNIS, § 
 § No. 406, 2014 
Defendant Below, § 
Appellant, § Court Below: Superior Court 
 § of the State of Delaware in and 
v. § for Sussex County 
 § 
STATE OF DELAWARE, § Cr. ID No. 1109010347 
 § 
Plaintiff Below, § 
Appellee. § 

Submitted: November 7, 2014
Decided: January 6, 2015

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 6th day of January 2015, upon careful consideration of the appellant's brief under Supreme Court Rule 26(c) ("Rule 26(c)"), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On November 1, 2011, the appellant, Marcus D. Dennis, was charged with two counts of Robbery in the First Degree, one count of Burglary in the Second Degree, and one count of Wearing a Disguise. Dennis' charges stemmed from the September 11, 2011 robbery of an elderly couple, Mr. and Mrs. Ralph Short, at their home in Dagsboro, Delaware. At the conclusion of a three-day jury trial in March 2012, a

Superior Court jury convicted Dennis of one count of Robbery in the First Degree, Burglary in the Second Degree, and Wearing a Disguise. On May 11, 2012, the Superior Court sentenced Dennis to a total of thirty years at Level V, suspended after eleven years and successful completion of the Key Program, for one year at Level IV Crest suspended after successful completion for eight years at Level III aftercare.

(2) On direct appeal, Dennis submitted several points for the Court's consideration, including ineffective assistance of trial counsel, insufficient probable cause for a search warrant and for his arrest without a warrant, illegal sentence, and prosecutorial misconduct. One claim of prosecutorial misconduct concerned the State's disposition of unrelated criminal charges that were brought against Mr. Ralph Short, one of Dennis' victims, in the months following the robbery. The charges against Mr. Short were dropped prior to Dennis' trial. In our decision affirming the Superior Court judgment, we declined to consider Dennis' ineffective assistance of trial counsel claim, which was not reviewable on direct appeal, and we rejected the remaining points as without merit.[1]

(3) On October 21, 2013, Dennis filed a *pro se* motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").

---

[1] *Dennis v. State*, 2013 WL 1749807 (Del. April 23, 2013).

Fairly summarized, Dennis's postconviction motion raised all of the claims that he had raised on direct appeal, *i.e.*, ineffective assistance of trial counsel, insufficient probable cause for the search warrant and for his arrest, illegal sentence, and prosecutorial misconduct. The Superior Court appointed counsel to represent Dennis in the postconviction proceedings and directed counsel to file an amended postconviction motion. Later, when Dennis' appointed counsel (hereinafter "Postconviction Counsel") requested an extension of time to fully investigate and determine if there was any merit to Dennis' postconviction motion, the court granted the extension and directed that Postconviction Counsel file an amended postconviction motion or, in the alternative, a motion to withdraw under Rule 61(e).[2]

(4) On May 14, 2014, Postconviction Counsel filed a motion to withdraw and supporting memorandum under Rule 61(e). Postconviction Counsel represented that he had carefully reviewed the record and could find no claims for postconviction relief that could be "ethically advocated" on behalf of Dennis.[3] Dennis was advised that he had a right to respond to Postconviction Counsel's submission. Dennis did not file a response. By

---

[2] *See* Del. Super. Ct. Crim. R. 61(e) ("If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw.").

[3] *Id*.

3

order dated July 1, 2014, the Superior Court granted Postconviction Counsel's motion to withdraw and denied Dennis' *pro se* postconviction motion.[4] This appeal followed.

(5) On appeal, Postconviction Counsel has filed a brief and a motion to withdraw under Rule 26(c) asserting that there are no arguably appealable issues. In response to Postconviction Counsel's Rule 26(c) submission, Dennis has submitted three points for the Court's consideration.[5] The State has responded to Dennis' points and has moved to affirm the Superior Court judgment.

(6) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[6] The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[7]

---

[4] *State v. Dennis*, 2014 WL 2963125 (Del. Super. July 1, 2014).

[5] Dennis raised claims in his postconviction motion that he did not include in his response to Postconviction Counsel's Rule 26(c) submission, chiefly illegal sentence and prosecutorial misconduct. Those claims are deemed waived on appeal. *Accord Keyser v. State*, 2014 WL 1168835 (Del. March 20, 2014) (citing *Murphy v. State*, 623 A.2d 1150, 1152 (Del. 1993)).

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[7] *Id.*

(7) In his first point on appeal, Dennis claims, as he did in his postconviction motion, that his trial counsel was ineffective for failing to make use of the criminal charges that were filed against Mr. Short. According to Dennis, the reason the State gave for dropping the charges was that they could not locate Mr. Short's victim. Dennis asserts that, had his trial counsel informed him that the State could not locate Mr. Short's victim, Dennis could have provided trial counsel with the victim's name and location. Dennis contends that if trial counsel had subpoenaed Mr. Short's victim for trial and questioned the victim "about the incident," trial counsel possibly could have raised reasonable doubt.

(8) When considering Dennis' ineffective assistance of counsel claim, the Superior Court ruled:

> Trial counsel was aware of the charges against Mr. Short being dismissed and chose not to explore this matter on cross examination. The Court cannot find that this was objectively erroneous under *Strickland v. Washington*. Mr. Short's testimony was that a home invasion occurred, he was hog-tied and prescription pills were stolen. He did not link Dennis to the crime. That the crime occurred was not in dispute, so a credibility attack on Mr. Short would have basically been an exercise in futility. Nor could there be any prejudice to Dennis arising from the failure to cross examine Mr. Short on his charged, but dismissed criminal offenses. Dennis fully confessed to the entire episode. Dennis put himself inside the [Shorts']

5

home while wearing a mask and possessing what was said to be a BB gun. This claim has no merit.[8]

On appeal, we review the Superior Court's denial of an ineffective assistance of counsel claim for abuse of discretion.[9]

(9) Having carefully reviewed the Superior Court record, we conclude that the Superior Court's denial of Dennis' ineffective assistance of counsel claim was not an abuse of discretion. To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the test under *Strickland v. Washington*, *i.e.*, that his counsel's representation fell below an objective standard of reasonableness, and that, but for his counsel's unprofessional errors, the outcome of the defendant's trial would have been different.[10] On appeal, Dennis has not shown that the result of his trial would have been different had his trial counsel subpoenaed the victim in the case against Mr. Short. Dennis merely makes a vague suggestion that had trial counsel been able to question the victim, trial counsel could have possibly raised reasonable doubt. Dennis fails to articulate what, if any,

---

[8] *State v. Dennis*, 2014 WL 2963125, at *2 (Del. Super. July 1, 2014) (internal citation omitted).

[9] *See Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996) ("In discharging its appellate function, the Court must carefully review the record to determine whether competent evidence supports the court's findings of fact and whether its conclusions of law are not erroneous.").

[10] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

testimony Mr. Short's victim could have provided that could possibly have changed the result of the trial.

(10)   In his remaining two points on appeal, Dennis raises two new claims. First, Dennis challenges the validity of the search warrant on the basis that the drug investigation underlying the search warrant concerned drugs that would have had to have gone through the Office of the Chief Medical Examiner, which is now under investigation for discrepancies in drug evidence submitted to the Controlled Substances Unit. Second, Dennis challenges the Superior Court's decision to allow the jury to review a redacted version of the probable cause affidavit to the arrest warrant.

(11)   Because Dennis did not raise either claim in his postconviction motion or when given a chance to respond to Postconviction Counsel's motion to withdraw and memorandum, our review on appeal is limited to plain error.[11] Plain error is "error apparent on the face of the record and so fundamental and serious that it affected the outcome of the trial."[12]

---

[11] *See* Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."). *See also West v. State*, 2014 WL 4264922, at *2 (Del. Aug. 28, 2014) (concluding that appellant could not rely on two new claims that he did not raise in his postconviction motion when he was given a fair opportunity to explain the reasons why the claims had merit in the Superior Court and the claims on appeal lacked any discernible merit).

[12] *See Keyser v. State*, 2014 WL 1168835 (Del. March 20, 2014) (citing *Roy v. State*, 62 A.3d 1182, 1191 (Del. 2012)).

(12) The record reflects that the jury was permitted to review the probable cause affidavit because it was admitted as a State's exhibit without objection. Dennis did not raise the issue on direct appeal. Under plain error review, Dennis' claim concerning the jury's review of the probable cause affidavit is procedurally defaulted under Rule 61(i)(3).[13] We also find no plain error arising from Dennis' vague and conclusory claim referencing the Office of the Chief Medical Examiner investigation.

(13) Having carefully reviewed the parties' positions on appeal and the Superior Court record, the Court has concluded that Dennis' appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Postconviction Counsel made a conscientious effort to examine the record and the law and properly determined that Dennis could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[13] *See* Del. Super. Ct. Crim. R. 61(i)(3) (barring claim not raised in proceedings leading to conviction).